# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| 3455 LLC, | |
|     Plaintiff, | |
| v. | 1:12-cv-01020-WSD |
| ND PROPERTIES, INC., | |
|     Defendant. | |

## OPINION AND ORDER

This matter is before the Court on ND Properties, Inc.'s Motion for Attorneys' Fees [43].

## I. BACKGROUND

This action involves the interpretation of a lease of real property for the operation of the former Bluepointe restaurant in the Buckhead neighborhood of Atlanta. In 2008, sales at Bluepointe declined significantly due to a number of factors, including the recessionary effect on the national and regional economies, and, according to Plaintiff, the departure of various building tenants which generated income for the restaurant. As a result of this decrease in restaurant patronage and the resulting losses of income, Plaintiff was unable to make certain

rent payments, including the rent payment due on July 1, 2011. This failure to pay rent constituted a default under the Lease. It was this default that brought about this litigation.

On November 30, 2011, Plaintiff vacated the Premises, leaving behind certain personal property, including furniture, fixtures and equipment ("Equipment"). Plaintiff had not made any rent payments to ND Properties, and has not reimbursed ND Properties for utility and parking charges incurred during Plaintiff's tenancy after Plaintiff vacated the Premises on November 30, 2011. In December 2012, ND Properties entered into a lease agreement with a new tenant to occupy the Premises, and with an expected occupancy date in November or December of 2013. ND Properties claims that it spent $2,228,843 to re-let the Premises to another restaurant owner.

A.  Procedural History

On January 9, 2012, Plaintiff initiated this action in the Superior Court of Gwinnett County, Georgia. In its Complaint, Plaintiff asserts four (4) counts seeking: (i) a declaration that Plaintiff is not liable for rent payments after Plaintiff vacated the Premises because the Lease does not contain "an explicit and detailed provision" that obligates Plaintiff to continue paying rent (Count I); (ii) a declaration that ND Properties improperly retained possession of Plaintiff's

2

property (Count II); (iii) a declaration that ND Properties' actions in granting a right-of-way over to a third-party constituted termination of the Lease (Count III); and (iv) a declaration that Plaintiff is not obligated to clean and repair the Premises, or that such cleaning is not necessary (Count IV).

On March 26, 2012, ND Properties removed the action to this Court on the basis of diversity jurisdiction. On April 2, ND Properties filed its Answer. On June 18, 2012, ND Properties filed a Motion for Judgment on the Pleadings seeking judgment in its favor on Count I of Plaintiff's Complaint. On February 12, 2013, the Court granted the Motion, dismissing Count I of the Complaint [11]. In its February 12, 2013, Order, the Court found that the Lease contained an "explicit and detailed provision" that permitted ND Properties, upon Plaintiff's default, to take possession of the Premises, without terminating the Lease, and without relieving Plaintiff of its obligation to continue making rent and other payments required by the Lease.

On May 14, 2013, ND Properties filed an Amended Answer to Plaintiff's Complaint, and asserted a Counterclaim for Plaintiff's breach of the Lease agreement in the amount of $457,135.13, consisting of (i) past due rent from December, 2011 through May, 2013, in the amount of $376,074.49, (ii) accrued interest in the amount of $16,102.49, (iii) unpaid parking charges and fees in the

3

amount of $15,987.74, (iv) cleaning expenses and other above-standard charges in the amount of $28,501.15, and (v) unreimbursed water and electricity charges in the amount of $20,469.28. ND Properties also sought to collect rent and late charges that continued to accrue under the Lease after the Counterclaim was filed.

ND Properties contends that rent accrues during the Lease term at the rate of $22,000 per month due on the first calendar day of each month through either (i) October 31, 2014, or (ii) the date a final judgment is entered by the Court, whichever is earlier. ND Properties also seeks to collect late fees, at the rate of 5.25% per annum, for rent that accrued but which was not timely paid. ND Properties further seeks attorneys' fees and expenses of this litigation pursuant to Paragraph 18 of the Lease or O.C.G.A. § 13-1-11[1], and pre-judgment and post-judgment interest.

On December 9, 2013, ND Properties moved for summary judgment on Counts II-IV of Plaintiff's Complaint. ND Properties also moved for summary judgment on its Counterclaim for past due rent, interest and other charges owed under the Lease. ND Properties seeks a judgment against Plaintiff in the principal amount of $755,048.84, for unpaid rent and other charges, plus pre- and

---

[1] ND Properties does not rely on Section 13-6-11 for its request for an award of attorneys' fees.

post-judgment interest, and attorneys' fees in the amount of $75,572.38 pursuant to Paragraph 18.2.3 of the Lease and O.C.G.A. § 13-1-11.

In responding to ND Properties' Motion for Summary Judgment, Plaintiff did not oppose Defendant's request for attorneys' fees. Plaintiff did not assert any argument that, in the event Plaintiff was found in default of the Lease and liable for rent or other payments, that Defendant was not entitled to an award of attorneys' fees under the term of the Lease and pursuant to O.C.G.A. § 13-1-11. Plaintiff did not assert specifically that Plaintiff failed to meet any of the notice conditions required for an attorneys' fee award under Section 13-1-11.

On July 5, 2014, the Court entered its Opinion and Order granting ND Properties' Motion for Summary Judgment on ND Properties claims for unpaid rent, unpaid utilities and parking fees, unreimbursed re-letting costs, and unpaid interest (the "July 5th Order"). The Court found that "Paragraph 18.2.3 of the Lease, and O.C.G.A. § 13-1-11, permit ND Properties to recover reasonable attorneys' fees incurred to enforce the Lease" ([42 at 26]) but deferred a decision on the amount of attorneys' fees until ND Properties filed information supporting an attorneys' fee award. Id. at 27.

In its Motion for Attorney's Fees, ND Properties seeks an award of fees

according to the formula contained in O.C.G.A. § 13-1-11.[2] The total attorneys' fee amount claimed is $75,572.38. Defendant opposes the motion on the grounds, not raised before, (i) that Plaintiff did not comply with various conditions the Defendant claims are required before an award of attorneys' fees under Section 13-1-11 can be made because the formula in Section 13-1-11 cannot apply to rent that became due and owing after ND Properties' counterclaim was filed on May 14, 2013.

## II. DISCUSSION

ND Properties asserted in its counterclaim a claim for attorneys' fees for Plaintiff's breach of the Lease. In moving for summary judgment, ND Properties concluded its memorandum in support of its summary judgment motion with this statement: "ND Properties requests a judgment against Plaintiff in the principal amount of $772,788.34 and statutory attorneys' fees pursuant to Paragraph 18.2.3 of the Lease and O.C.G.A. § 13-1-11 in the amount of $77,303.83." Memorandum of Law in Support of ND Properties' Motion for Summary Judgment ("Memo. Sup. SJ") at 24. It is well-established in our district and circuit that failure to respond to a motion is deemed to indicate that there is no opposition to the motion.

---

[2] The submission of hourly rate and time to perform services documentation the Court required, the Court now appreciates, is not determinative of an attorneys fee award using the formula provided in O.C.G.A. § 13-1-11.

6

Local Rule 7.1(B). Here, Plaintiff's "failure to give statutory notice" argument was raised for the first time after the Court granted summary judgment on ND Properties claim for attorneys' fees. By declining to respond to the motion for summary judgment on the issue of attorneys' fees, Plaintiff denied the Court the opportunity, before it issued the July 10, 2014 Order, to consider Plaintiff's argument that attorneys' fees may not be awarded. It may not raise the arguments now. See Case v. Eslinger, 555 F.3d 1317, 1329 (11th Cir. 2009) (stating that when a party moves for final, not partial, summary judgment, "it becomes incumbent upon the nonmovant to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in the moving party's favor.") (quotation and alterations omitted). Because Plaintiff failed to address Defendant's basis for summary judgment on its claim for attorney's fees and costs, Plaintiff "cannot readily complain about the entry of a summary judgment order that did not consider an argument [it] chose not to develop . . . at the time of the summary judgment motions." See id. (quoting Johnson v. Bd. Of Regents, 263 F.3d 1234, 1264 (11th Cir. 2001). On this ground alone, the Court finds its request for an award of attorneys' fees is unopposed and attorneys' fees should be awarded.

Even if Plaintiff had timely raised its opposition to the motion for summary judgment on ND Properties attorneys' fees claim – which it did not – the arguments raised now to oppose an attorneys' fees award are hollow and discredited by the record in this case. Plaintiff advances two technical reasons why attorneys' fees should not be awarded. First, it argues that ND Properties was required to give notice to Plaintiff of Defendant's intent to enforce the attorneys' fees provision in the Lease. Plaintiff claims Defendant did not meet the notice elements required by O.C.G.A. § 13-1-11. The Court disagrees with Plaintiff's claim that proper notice was not given.

Plaintiff does not dispute that ND Properties asserted the following in Count II of the Counterclaim Defendant filed on May 14, 2013:

> ND Properties hereby notifies 3455, pursuant to O.C.G.A. § 13-1-11
> that 3455 has ten (10) days from the date of service of this *Counterclaim*
> within which to pay all of the unpaid principal and accrued interest due
> under the Lease to avoid paying ND Properties' reasonable attorneys'
> fees. If 3455 pay all of such unpaid principal and accrued interest due
> within such the-day period, 3455's obligations under the Lease to pay
> ND Properties reasonable attorneys' fees will not be enforced. If 3455
> fails to make the required payment within such the-day period,
> ND Properties shall collect, in addition to the principal, accrued
> Interest and other fees and charges due under the Lease, reasonable
> attorneys' fees as provided in O.C.G.A. § 13-1-11. Notice is hereby
> given that under Georgia law, the obligation to pay attorneys' fees, as
> set forth in the Lease, means fifteen percent (15%) from the first $500
> of principal and accrued interest owing and then percent (10%) of
> the principal and accrued interest owing in excess of $500.

Amended Answer and Counterclaim, Count II of Counterclaim [20]

This allegation in the ND Properties' Counterclaim meets the requirements of Section 13-1-11. While Plaintiff "denied" the allegation, it does not dispute—because it cannot—that this notice was given and Plaintiff failed to respond to it. There is a factual basis in the record before the Court that supports that notice was adequately provided to Plaintiff. See Chandler v. Orkin, 129 Ga. App. 721, (1973) (notice can be given after suit is filed so long as defendant is given then (10) days within which to pay and avoid fees prior to entry of a judgment); Swindell v. Georgia State Dep. Of Ed., 138 Ga. App. 57, (1976).

Plaintiff next argues that if attorneys' fees are awarded the amount should be capped based on the rent obligation that had "matured" as of July 14, 2013, the date the Counterclaim was filed. Plaintiff argues that the rent arrearages as of that date were $376,074.49 and that the "remaining months were not yet due." 3455, LLC's Responsive Memorandum to ND Properties, Inc.'s Motion for Attorneys' Fees ("3455 Resp.") at 7. Plaintiff's obligation to pay rent and its failure to do so was fully mature by the date that counterclaim was filed at least as to the rent, interest and late charges due as of July 14, 2013. It is undisputed that the rent, interest and rent obligations due and owing on July 14, 2013, were not then and have not now been paid. The next question is whether ND Properties was

required to provide a second notice of rent, interest and late fee default as a prerequisite to an award of attorneys' fees to enforce Plaintiff's rent, interest and late fees obligation after July 10, 2013.

The notice provisions of Section 13-1-11 are a technical requirement to be met in determining the amount of an allowable award of attorneys' fees. These technical requirements may be met in litigation up to the time Judgment is entered on a tenant's underlying rent, interest and late fee obligations. See Swindell, 138 Ga. App. at 58. Here, a second Section 13-1-11 notice was not sent to 3455 for the deficiency that matured after May 14, 2013. In the Court's view, a further Section 13-1-11 notice is required to be sent to 3455 regarding 3455's rent deficiencies that matured after May 14, 2013. If this second notice is sent and 3455 pays the rent deficiency in the time required, it may avoid an award of attorneys' fees to collect this second rent, interest and late fee amount. The Court, in the July 5th Order, deferred to a later date its determination of the amount of attorneys' fees to be awarded to Defendant. Because Georgia courts look for substantial compliance with the notice provision to award attorneys' fees, the Court concludes a Georgia court would limit an attorneys' fees calculation to the

rent arrearage that existed, that is, which had matured – as of May 14, 2013.[3]

Attorneys' fees thus are calculated based on the amount of rent due on May 14, 2013, or $376,074.49, plus accrued interest in the amount of $19,743.91. The total matured rent and accrued interest deficiency upon which attorneys' fees are calculated is thus $395,818.40. Using the calculation method in Section 13-1-11, the Court determines attorneys' fees in the amount of $39,606.84 are required to be awarded to ND Properties.[4]

## III. CONCLUSION

The Court concludes, for the reasons stated above, that ND Properties is entitled to attorneys' fees as calculated based on the formula set out in O.C.G.A. § 13-1-11 based on the maturing deficiencies owed by Plaintiff as of May 14, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that ND Properties, Inc's Motion for Attorneys' Fees [43] is **GRANTED** and attorneys' fees in the amount of $39,606.84 are awarded to ND Properties.

---

[3] ND Properties should have sent a further notice before judgment is entered, to include the additional rent owed, increasing the arrearage amount upon which attorneys' fees are calculated. It did not.

[4] If a notice under Section 13-1-11 is sent to 3455 for rent arrearages and associated interest and late fees accruing after May 14, 2013, and 3455 declines to pay them, ND Properties can consider filing a further action for attorneys' fees.

**SO ORDERED** this 10th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE